United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40723
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FILIBERTO ENRIQUEZ-CASTILLO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-944-ALL
---------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Filiberto Enriquez-Castillo (Enriquez) appeals his
guilty-plea conviction and sentence for illegal reentry into the
United States following deportation subsequent to a felony
conviction for a crime of violence. For the first time on
appeal, Enriquez argues that 8 U.S.C. § 1326(b) is
unconstitutional on its face and as applied because it does not
require the fact of a prior felony or aggravated felony
conviction to be charged in the indictment and proved beyond a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonable doubt.  As Enriquez acknowledges, his argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), which was not overruled by <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000).  <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

Enriquez argues that under <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), the enhancement of his sentence based on his prior conviction was error.  However, <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), reaffirmed the holding in <u>Apprendi</u> that prior convictions are excluded from the facts that must be admitted or submitted to the jury.  <u>See</u> <u>Booker</u>, 125 S. Ct. at 756.  Thus, Enriquez's sentence was not affected by a Sixth Amendment violation.  <u>See</u> <u>Booker</u>, 125 S. Ct. at 750, 769.

Enriquez argues that because his sentence was imposed pursuant to an unconstitutional mandatory guidelines system, it is unconstitutional and should be vacated.  <u>See</u> <u>Booker</u>, 125 S. Ct. at 750, 768-69; <u>see also</u> <u>United States v. Mares</u>, 402 F.3d 511, 518-20 & n.9 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005) (No. 04-9517).  We review for plain error.  <u>See</u> <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732 (5th Cir. 2005), <u>petition for cert. filed</u> (July 25, 2005) (No. 05-5556).

The error was plain, meeting the first two prongs of the plain-error standard.  <u>See</u> <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 600 (5th Cir. 2005).  However, Enriquez has not shown that the error affected his substantial rights.  Although the

sentence was at the low end of the guideline range, a sentence at the low end of the guideline range does not alone indicate that the district court would have sentenced Enriquez differently under an advisory sentencing scheme.  See United States v. Bringier, 405 F.3d 310, 318 n.4 (5th Cir. 2005), petition for cert. filed (July 26, 2005) (No. 05-5535).  Furthermore, the error was not structural and prejudice is not otherwise presumed.  See Martinez-Lugo, 411 F.3d at 601; United States v. Malveaux, 411 F.3d 558, 561 n.9 (5th Cir. 2005), petition for cert. filed, (July 11, 2005) (No. 05-5297).  Nothing in the sentencing transcript indicates that the district court would have imposed a lesser sentence had it known that the guidelines were not mandatory.  See Martinez-Lugo, 411 F.3d at 601.

AFFIRMED.